# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MORRIS TAYLOR,<br><br>                      Petitioner,<br><br>v.<br><br>HEIDI MICHEL, *Jail Administrator*,<br><br>                      Respondent. | Case No. 20-CV-159-JPS<br><br>**ORDER** |

        On January 31, 2020, Petitioner Morris Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2242, 2253, 2254. (Docket #1). Petitioner also filed a motion for leave to proceed without prepayment of the filing fee. (Docket #4). The petition alleges that he has suffered violations of his constitutional rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, Wisconsin statutory and common law, as well as violations of the Americans with Disabilities Act, 41 U.S.C. § 12102 *et seq.* (Docket #1 at 2). The only claim that Petitioner supports with facts is his allegation that his right to a speedy trial was violated. Specifically, he claims that he has been detained since October 23, 2019 without a hearing or counsel appointed. *Id.*

        Petitioner is detained at Brown County Jail in connection with case number 2019CF1651, which is still open. According to publicly available records, Petitioner was appointed counsel on January 30, 2020, after two months of difficulty securing counsel. *State of Wisconsin v. Morris Taylor*, Brown County Case Number 2019CF1651, *available at*: https://wcca.wicourts.gov/. State court records indicate that during that two-month period, the court held six hearings or conferences during which

it addressed issues such as Petitioner's bond and a habeas petition that he filed. *Id.* There is no indication on the state court docket, nor any allegation in the petition before this Court, that Petitioner appealed the denial of his state habeas petition. It appears that the matter is ongoing, and no conviction has been obtained or sentence imposed. *Id.*

Section 2241 allows pre-trial detainees to challenge their continued confinement. However, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, **and only after the petitioner has exhausted state-court remedies**.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (emphasis added); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). While Petitioner has alleged a violation of his right to a speedy trial, it does not appear that he has exhausted his state-court remedies. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all

claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that Petitioner filed a petition for writ of habeas corpus in his state court case on December 5, 2019. *State of Wisconsin v. Morris Taylor*, Brown County Case Number 2019CF1651, *available at*: https://wcca.wicourts.gov/. That petition was denied at a motion hearing on January 6, 2020, and addressed again on January 17, 2020. *Id.* There is no indication that Petitioner appealed this denial or otherwise sought use of the state's available corrective processes. The Court must, therefore, dismiss this action without prejudice.

As to Petitioner's other claims, the Court is unable to hear them as Section 2254 only permits a prisoner to challenge "the judgment of a State court[.]" 28 U.S.C. § 2254(a). No judgment has been entered in his case.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2242, 2253, 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge